[No. 12142. Department One. March 2, 1915.]

E. M. HEINE, *Appellant*, v. J. M. HALL, *as Mayor of the Town of Tukwila et al., Respondents.*[1]

APPEAL—RECORD—ABSTRACT—SUFFICIENCY. An abstract of the record required on appeal is insufficient when it does not purport to abstract any of the evidence incorporated in the statement of facts, nor make citations to the transcript.

APPEAL—BOND—NOTICE—TIME FOR FILING. An appeal must be dismissed where the appeal bond was not filed within five days after service of the notice of appeal, under Rem. & Bal. Code, § 1721, providing that an appeal shall become ineffectual for any purpose unless the appeal bond is so filed.

Appeal from an order of the superior court for King county, Albertson, J., entered February 9, 1914, dismissing an application for a writ of mandate to compel an election for the purpose of disincorporating a town, after a hearing before the court. Appeal dismissed.

*Richard Gowan,* for appellant.

*James A. Snoddy,* for respondents.

CROW, J.—This is an appeal from an order dismissing plaintiff's application for a writ of mandate, to compel the council and mayor of the town of Tukwila to order a special election for the purpose of disincorporating the town and electing a receiver to wind up its affairs. The application purports to have been made under the provisions of Rem. & Bal. Code, § 7460 *et seq.* (P. C. 77 § 567). Plaintiff's second amended affidavit, upon which his application for a writ is based, alleges: That the town of Tukwila, situated in King county, is a municipal corporation of the fourth class; that plaintiff was a duly registered elector therein, and that on February 11, 1913, the following petition was presented to and filed with the town council:

[1] Reported in 146 Pac. 577.

"To the Honorable Mayor and City Council of Tukwila:
"We, the undersigned, constitute a majority of the lawful registered voters of the incorporated town of Tukwila, King county, Washington, hereby respectfully petition that the said town of Tukwila be disincorporated in the manner provided by the laws of the state of Washington, and that an election be forthwith ordered to be held in said town for the purpose of determining whether or not said incorporation shall be dissolved, and for the further purpose of winding up the affairs of said town in case of dissolution."

It is further alleged that the petition was signed by a majority of the duly registered electors of the town; that on February 11, 1913, the municipality had a population of less than 3,000, and that the councilmen, for the purpose of continuing themselves in office and for other fraudulent reasons, rejected the petition and refused to order an election. Thereafter the trial court issued an alternative writ of mandate, which defendants moved to quash. This motion was overruled, and an answer was interposed, which alleged that the petition was rejected for the reason that, after due and careful consideration, the town councilmen, acting in their official capacity, determined that it was insufficient, and that it did not have the requisite number of signatures to comply with the statute. The issues having been thus framed, evidence was introduced, upon consideration of which the trial court dismissed the application. The plaintiff has appealed.

On the argument, respondents, contending that no jurisdiction has been conferred upon this court, made an oral motion to dismiss the appeal for want of a sufficient abstract, and for the further reasons that the notice of appeal was not filed in time after its service, and that the appeal bond was not filed within the statutory time after the service and filing of the notice of appeal. Without discussing the abstract at length, we will state that it is absolutely insufficient, as it does not purport to abstract any of the evidence incorporated in the statement of facts, nor does it make citations or references to the transcript.

Without regard, however, to the abstract, the appeal must be dismissed for the reason that it has not been properly perfected. The record shows that the final judgment of dismissal was entered on February 9, 1914; that the notice of appeal was served on March 31, 1914; that proof of such service was not made or filed until June 4, 1914, and that the appeal bond was not filed until April 11, 1914. If it were conceded that the notice of appeal was filed on March 31, the date of its service, a fact which does not appear from the record, it is nevertheless apparent that no attempt to file any proof of service was made prior to June 4, 1914. The record also discloses the fact that the appeal bond was not filed until April 11, 1914, more than five days after the service of the notice of appeal. Rem. & Bal. Code, § 1721 (P. C. 81 § 1193), provides that an appeal in a civil action or proceeding shall become ineffectual for any purpose unless, at or before the time when the notice of appeal is given or served or within five days thereafter, an appeal bond be filed with the clerk of the superior court. The appeal bond in the action before us was filed neither before the giving of the notice of appeal nor within five days thereafter. It is, therefore, ineffectual for any purpose.

The appeal is dismissed.

Morris, C. J., Chadwick, and Parker, JJ., concur.